IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01637-MSK-MJW

STEVEN L. SAARELA, JR., on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

UNION COLONY PROTECTIVE SERVICES, INC., a Colorado corporation,

    Defendant

---

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S COUNTERCLAIM**

---

Pursuant to FED. R. CIV. P. 56, Plaintiff, by and through undersigned counsel, hereby submits this *Motion for Summary Judgment as to Defendant's Counterclaim.*

### I. CLAIMS AND DEFENSES UPON WHICH JUDGMENT IS SOUGHT

**A.**    **Union Colony's Counterclaim**

In this lawsuit, Plaintiff contends that he worked overtime hours but was not paid the "time and one-half" overtime premium required by the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA) (Compl. at ¶7). In response, Defendant Union Colony Protective Services, Inc. ("Union Colony") does not dispute that Plaintiff worked overtime hours but claims that his premium pay is offset by certain debts allegedly owed by Plaintiff to Union Colony. (Counterclaim at ¶¶1-5)(Docket#13); *Deposition of David Wright* ("Wright Dep.") at 58:17 to 59:2, attached hereto as Exhibit A.

Specifically, Union Colony contends that Plaintiff verbally agreed that he would be paid straight time (*i.e.,* his hourly rate) for all of his hours worked but that the additional "half time" premium due for overtime hours would go to pay his debts. (Wright Dep. at 58:17 to 75:9). The debts alleged by Union Colony are: 1) the balance of the purchase price for a car sold to Plaintiff by Union Colony; 2) the cost of parts and labor for two repairs on the car; 3) a one night hotel charge; 4) two cash loans for expenses; 5) a gas charge made on the corporate card; and 6) the replacement cost of certain equipment and clothing allegedly not returned to Union Colony by Plaintiff after he resigned. *Id*. Union Colony contends these debts exceed the amount of the half-time premium that otherwise would have been paid to Plaintiff for his overtime and, therefore, Plaintiff is owed nothing in this case.[1]

### B.     Burden of Proof and Elements

It is Union Colony's burden to prove its set-off counterclaim. *Bath Iron Works Corp. v. U.S. Dept. of Labor*, 336 F.3d 51, 57 (1st Cir. 2003)("'The defendant has the burden of proof with regard to counterclaims and most affirmative defenses.'") citing AM.JUR.2D EVIDENCE §160 (2003). In order to make deductions against Plaintiff's pay, however, Defendant must show that the deductions fell within one of the categories of allowable deductions under C.R.S. §8-4-105.

### C.     Elements That Cannot Be Proven By Union Colony

####     1.     C.R.S. §8-4-105 Prohibits Union Colony's Pay Deductions.

Under C.R.S. §8-4-105, "[n]o employer shall make a deduction from the wages or

---

[1] As described in the briefing relating to Plaintiff's *Motion for Approval of Hoffman-LaRoche Notice* (Docket #28), Plaintiff contends that Union Colony's counterclaim actually is an after the fact justification intended to conceal its company-wide scheme to avoid paying employees the overtime premium.

compensation of an employee" except in the following specifically enumerated situations: a) deductions "mandated by or in accordance with local, state or federal law"; b) deductions "pursuant to a written agreement between [the] employer and employee"; c) deductions for theft "if a report has been filed with the proper law enforcement agency"; d) revocable deductions for the cost of things like insurance and pension plans; and e) deductions for unreturned property or money if a "terminated employee was entrusted . . . with the collection, disbursement or handling of such money or property." None of the deductions alleged by Union Colony fall within any of these categories. Therefore, any deduction against Plaintiff's overtime pay to offset debts is illegal and the counterclaim must be dismissed.

### 2. Union Colony's Set-Off Counterclaim Cannot Be Raised in This Action.

In *Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983), an employer, who was sued to recover unpaid FLSA overtime wages owed to employees, "sought to assert set-offs, counterclaims, and third-party complaints based upon claims that [the claiming] employees allegedly owed him money for sums he had advanced to them . . . ." *Id*. at 1323. The Tenth Circuit upheld the District Court's refusal to allow these claims:

> [T]he purpose of the present action is to bring [the employer] into compliance with the [FLSA] by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. [The employer] is free to sue his employees in state court . . . for any sum which he feels is due and owing him.

*Id.*; *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) *rev'd on other grounds by McLaughlin v. Richland Shoe Co*., 486 U.S. 128 (1988) ("Set-offs against back pay awards [are] inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .") The situation here is identical to that addressed in *Donovan*. Therefore, as in *Donovan*, Union

Colony's counterclaim should be dismissed.

WHEREFORE, Plaintiff respectfully requests the Court to grant summary judgment as to Union Colony's set-off counterclaim relating to purported pay deductions for loans, hotel charges, repairs, gas and unreturned equipment.

RESPECTFULLY SUBMITTED this 9th day of April, 2014.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of April, 2014, the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S COUNTERCLAIM** was served electronically on the following:

Steven G. Francis, Esq.
STEVEN G. FRANCIS, P.C.
141 South College Avenue, Suite 102
Fort Collins, Colorado 80522
sfrancis@stevenfrancislaw.com

*s/Brian D. Gonzales*