IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01637-MSK-MJW

STEVEN L. SAARELA, JR., on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

UNION COLONY PROTECTIVE SERVICES, INC., a Colorado corporation,

    Defendant

---

### EXHIBIT H TO:

### PLAINTIFF'S RENEWED MOTION FOR APPROVAL OF *HOFFMAN-LAROCHE* NOTICE

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01637-MSK-MJW

STEVEN L. SAARELA, JR., on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

UNION COLONY PROTECTIVE SERVICES, INC., a Colorado corporation,

    Defendant

---

## (proposed) ORDER RE: PLAINTIFF'S RENEWED MOTION FOR APPROVAL OF *HOFFMAN-LAROCHE* NOTICE

---

THIS MATTER came before the Court on *Plaintiff's Motion for Approval of Hoffman-La Roche Notice* (the "Motion"). The Court having read the Motion, and being otherwise fully advised in the premises hereby ORDERS the following:

1. This action shall be conditionally certified as a collective action pursuant to 29 U.S.C. §216(b). The collective action is defined as follows: All security guards who worked for Defendant at any time from June 21, 2010 to present.

2. Within fourteen (14) days from the date this Order is entered, the parties shall submit a proposed form of notice for the Court's approval.

3. Within fourteen (14) days from the date this Order is entered, Defendant shall provide to Plaintiff's counsel a list of all potential collective action members. The list shall include each such current or former employee's name, dates of employment, last-known address,

telephone number, and hourly wage.

4.  Within five (5) days of Court approval of the proposed notice, Plaintiff shall send by First Class U.S. Mail the notice to the last known address of each of the individuals identified on the above-referenced list.

5.  Any individuals to whom notice is sent shall "opt-in" by written consent to this Court within sixty (60) days from the postmark date of the notice.

6.  Prior to expiration of the sixty day notice period, Defendant, including any of its agents, owners, employees, attorneys, officers, representatives, affiliates, managers and/or any other person acting or purporting to act on its behalf, shall not discuss this litigation or the notice, or any matters relating to this litigation or notice, with any of its current or former employees or managers. In particular, Defendant, including any of its agents, owners, employees, attorneys, officers, representatives, affiliates, managers and/or any other person acting or purporting to act on its behalf, shall take no action that could in any way influence any of the noticed individuals in making their decision as to whether or not to "opt-in" to this lawsuit.

7.  Defendant, including any of its agents, owners, employees, attorneys, officers, representatives, affiliates, managers and/or any other person acting or purporting to act on its behalf, shall not retaliate in any way against any noticed individuals who elect to "opt-in" to this lawsuit.

pg 4 of 4

DONE AND SIGNED this _____ day of _____, 2014.

BY THE COURT



_____
District Court Judge