IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01637-MSK-MJW

STEVEN L. SAARELA, JR., on behalf of himself and all similarly situated persons,

Plaintiff,

v.

UNION COLONY PROTECTIVE SERVICES, INC., a Colorado corporation,

Defendant

---

RESPONSE TO PLAINTIFF'S RENEWED MOTION
FOR APPROVAL OF *HOFFMAN-LAROCHE* NOTICE

---

Defendant, Union Colony Protective Services (hereinafter Union Colony), by its attorney, Lee E. Christian, P.C., responds to Plaintiff's Renewed Motion for Approval of *Hoffman-LaRoche* notice as follows:

## I. INTRODUCTION

This Court denied Plaintiff's original Motion for Approval of *Hoffman-LaRoche* Notice on July 14, 2014 (#28). The Court found that Plaintiff had not come forward with substantial allegations that Union Colony had applied a general policy or practice, applicable to many or all of its employees, of not paying overtime. There has been no new discovery, additional depositions, or recently produced documents since the Court's ruling. Mr. Saarela simply "renews" his motion with an additional self-serving affidavit that alleges nothing new. He concedes he "has been unable to locate a current or former employee" that is similarly situated.

1

(Motion at 3). Mr. Saarela attempts to use Union Colony's refusal to submit a notice to all of its employees as evidence that there is some "tax dodge" that is somehow applicable to all employees.

## II. FACTUAL BACKGROUND

Mr. Saarela had a unique arrangement with Union Colony. He was paid two checks. (Deposition of David Wright ("Wright Depo") at p.47 L.8-17).[1] The two check method was used at Mr. Saarela's request to hide wages from his ex-wife. (Wright Depo p.50, L.4-15) Plaintiff had previously unsuccessfully requested to be paid "under the table". (Wright Depo, p.26, L.17-23).

Union Colony paid a check to Mr. Saarela for his straight time hours up to forty and a second check for hours over forty (which set forth "hours", but noted it as a reimbursement for an expense)(Saarela Depo, p.26,L.9-p.27,L.7). The remaining half-time was used for withholdings for taxes and a debt Mr. Saarela owed to Union Colony. (Wright Depo p.49, L.3-p.52, L.19; Melinda Konig Depo p.17, L.5-24 and p.33, L.8 and p.50, L.8).[2]

Mr. Saarela admits his indebtedness. He concedes that he had a no-interest loan with Union Colony for an automobile. (Saarela Depo, p.6, L.10-13).[3] The written loan agreement remains unpaid by Mr. Saarela. (Saarela Dep, p.41, L.18 and p.30, L.2-18). Mr. Saarela was paid for his overtime, although this was done in an unusual manner, at Plaintiff's request, by applying his overtime half time pay to taxes and to the debts that he owed Union Colony.

---

[1] Deposition excerpts are referred to the page [p] and line [L]. Wright's deposition excerpts are attached as Exhibit A.

[2] Ms. Konig's depositions excerpts are attached as Exhibit B.

[3] Saarela Depo excerpts are attached as Exhibit C.

2

(Wright Depo p.64, L.14-17; p.72, L.23-p.73, L.4). Mr. Saarela knew that Union Colony was regularly reducing the amount of the loan from his overtime wages pursuant to their agreement. (Saarela Depo, p.44, L.10-16; p.33, L.5-13). Mr. Saarela has refused to disclose his current address in discovery for fear that Union Colony would repossess the vehicle due to unpaid amounts owed to Union Colony. (Saarela Depo, p.4, L.25-p.8, L.17).

Mr. Saarela now asserts in a post-deposition affidavit "Union Colony disguised its employees' overtime wages (taxable) as expense reimbursements (not taxable)." (Motion at 2). Once again, Mr. Saarela attempts to pass off his unique pay situation (due to his debts to the employer) to all employees without any factual support whatsoever.

Plaintiff alleged in his prior motion that he had spoken with many employees who weren't paid overtime, but could name only two: Gary Zink and "Jose". Union Colony resubmits affidavits from these individuals unequivocally denying Mr. Saarela's contentions.[4] Mr. Saarela also alleged that Union Colony's owner David Wright told him that he was not paid overtime and that it was Defendant's policy not to pay overtime. Each of these statements is untrue and was denied by Mr. Wright. (See Wright Affidavit).[5] The two check method applied to Mr. Saarela was not used for other employees. (Wright Depo p.48, L.23-25 and p.52, L.20-22 and p.94, L.13-p.95, L.1). There is no evidence that what happened with Mr. Saarela occurred elsewhere.

Mr. Saarela concedes he was paid straight time. (Saarela Depo, p.18, L.9-13). He did not complain to other employees about not being paid overtime; and other employees did not

---

[4] Attached as Exhibit D.

[5] Attached as Exhibit E.

3

complain about unpaid overtime to him. (Saarela Depo, p. 21, L.25 – p.23, L.18). No other individual has come forward to claim the same scheme was applied to them.

### III. ARGUMENT

Mr. Saarela's request for notice to those that are similarly situated fails. He has produced no factual evidence in support of certification. He has failed to articulate specific policies or practices allegedly unifying "similar" claims and the claims of potential opt-ins. He has failed to present evidence showing that the alleged policies or practices at issue applied to potential opt-ins. Even if there was some common scheme, the claims at issue in the litigation would require inherently individualized factual inquiries for their ultimate resolution. Notice should not be granted simply to find out if someone is somehow possibly a potential plaintiff. Notice simply is not necessary. Notice would be burdensome and disruptive.

Although, Mr. Saarela asserts the standard for certification at the notice stage is a "lenient" one (Motion at 4), it is not a standard without limits. He has had months to find factual support through extensive discovery and investigation. Mr. Saarela's request for a "lenient" approach applies only if a motion for court-supervised notice was filed "at early stages in the litigation," before he has had time to conduct discovery and marshal evidence. *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (holding that the rationale for the "lenient" standard "disappears ... once plaintiffs have had an opportunity to conduct discovery with respect to defendant's policies and procedures"). Where a plaintiff files a motion for court-facilitated notice following a period of discovery, the reviewing court should apply a "more rigorous review" to the motion and should consider the similarly situated question in light

4

of all evidence gathered by the parties to date. *See, e.g., Davis*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala.2004) (applying "a more rigorous standard"); *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala.2002) (holding that it would "carefully consider the submissions of the parties with respect to the class allegations, rather than merely relying on the handful of affidavits that support [plaintiff's] position"); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497-98 (D.N.J. 2000) (applying "a stricter standard" noting discovery was completed well before motion for certification was filed); *Valcho v. Daley County Hospital District*, 574 F.Supp.2d 618, 622 (N.D. Tex. 2008) (explaining that the reasons for a lenient standard disappear once discovery has been conducted).

There are no facts, let alone "substantial allegations," of a common scheme to deprive Union Colony employees of overtime pay. Mr. Saarela's renewed motion is based on the assertion that the two check system is a "fabrication" depriving him of overtime. (Motion at 3). Even if, *arguendo*, such allegations were true, Saarela has offered no facts that indicate that Plaintiff's unique situation was applied to any other employee. In fact, Mr. Saarela's speculations were denied by all his own witnesses. Even, if there are other similarly situated individuals, they would have dissimilar claims because of the absence of debt. Factual differences among alleged putative class members support a denial of a plaintiff's motion for opt-in notice. Moreover, Mr. Saarella's substantial allegations are simply speculation, which isn't sufficient to establish class certification. *Levinson v. Primedia, Inc.*, 2003 WL 22533428 at *1 (S.D.N.Y. Nov. 6, 2003) (rejecting notice, concluding that named plaintiffs failed to support their request "with a factual showing that extended beyond their own circumstances"). There is no factual support that any class member was the victim of a single decision, policy, practice or

5

plan that violated the law and thus the notice request should be rejected. *Underwood v. NMC Mortgage Corp.*, 245 F.R.D. 720, 721 (D.Kan. 2007).

Union Colony's refusal to provide names is not evidence supporting certification. The request for names and contact information may be denied as premature prior to a determination of whether notice should be approved. *Tracy v. Dean Witter Reynolds*, 185 F.R.D. 303, 304-5 (D.Colo. 1998). Class plaintiffs are not permitted to send notices to prospective members of a class if the only evidence of a class action consists of the unsubstantiated allegations of the complaint, or of counsel. *Id.*

## IV. CONCLUSION

Mr. Saarela has not made substantial allegations of similarly situated individuals adversely impacted by a common employment scheme to deprive workers of overtime even though he has had months to do so since the Court's last ruling. Although Mr. Saarela's allegations may state a claim of an individual violation, that showing isn't sufficient alone to prejudice this defendant with the impact of a class-wide notice.

WHEREFORE, Union Colony moves this Court to deny Plaintiffs request for a Hoffman-LaRoche notice; and if it decides to issue that notice, moves this Court to alter the proposed notice as set forth in its Response of December, 2013. (#31).

Respectfully submitted this 4th day of November, 2014.

Lee E. Christian
Lee E. Christian P.C.
415 Mason Court, #2

6

Fort Collins, CO 80524
970-484-0300
970-484-1606 fax
lee@leechristianpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4 day of November, 2014, a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR APPROVAL OF HOFFMAN-LAROCHE NOTICE was served electronically on the following:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, CO 80524
Telephone: 970-212-4665
Counsel for Plaintiff
BGonzales@ColoradoTrialLaw.com
_____